IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LIFE FLIGHT NETWORK, LLC,         3:17-CV-00028-AC
an Oregon Limited Liability
Corporation                            ORDER

        Plaintiff,

v.

METRO AVIATION, INC.,
a Louisiana Corporation,

        Defendant.


**ROBERT D. NEWELL**
Davis Wright Tremaine, LLP
1300 S.W. Fifth Avenue
Suite 2400
Portland, OR 97201-5630
(503) 778-5234

        Attorneys for Plaintiff

**EDWARD P. FITCH**
Fitch Law Group PC
210 S.W. Fifth Street
Suite 2
Redmond, OR 97756
(541) 316-1588

        Attorneys for Defendant


1 - ORDER

**BROWN, Judge.**

This matter is before the Court on the issue of the amount of any bond to be required in conjunction with the entry of a stipulated Injunction following a hearing on Plaintiff's Motion (#1)[1] for Temporary Restraining Order.

## BACKGROUND

On January 6, 2017, Plaintiff Life Flight Network, LLC, filed a Complaint in Multnomah County Circuit Court alleging a claim for breach of contract against Defendant Metro Aviation, Inc.  Plaintiff seeks an injunction "requiring Defendant to fulfill its obligations to operate and maintain the required Aircraft in accordance with the terms of . . . the Agreement."  Compl. at 3.  On January 6, 2017, Plaintiff also filed a Motion for Temporary Restraining Order in which it seeks an order maintaining the parties' *status quo* while this action is pending.

On January 9, 2017, Defendant removed the matter to this Court on the ground of diversity jurisdiction.

On January 10, 2017, the Court heard oral argument on Plaintiff's Motion for Temporary Restraining Order.  At the hearing the parties reached an agreement for an injunction to maintain the *status quo* during the pendency of this action.  The

---

[1] Plaintiff filed its Motion for Temporary Restraining Order in state court.  Defendant attached the Motion to its Notice of Removal, and is in this Court's record as Docket No. 1.

parties, however, disputed whether and in what amount a bond should be required of Plaintiff.  The Court directed the parties to file a stipulated form of Order that reflects the parties' agreement to resolve Plaintiff's Motion for Temporary Restraining Order.  The Court also directed the parties to submit a joint statement reciting their positions and supporting authorities as to the issue of a bond.

On January 10, 2017, the parties filed a stipulated form of Injunction and submitted their joint statement to the Court via email.

### STANDARD

Federal Rule of Civil Procedure 65(c) provides:

> No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

Rule 65(c) "'invests the district court with discretion as to the amount of security required, *if any.*'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009)(quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)(emphasis in original)).  For example, a court may dispense with the requirement that a plaintiff post a bond when a defendant shows "no realistic likelihood of harm" as a result of the injunction.

*Jorgensen*, 320 F.3d at 919.  Similarly, a court may waive the bond requirement when a case involves a matter of public interest.  *Save our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1126 (9th Cir. 2005).

## **DISCUSSION**

Plaintiff asserts the Court should not require bond or, at the least, require a bond no greater than $100 on the grounds that (1) Plaintiff's requested injunctive relief will allow it "to properly provide its emergency services, which . . . enhance public safety and welfare," (2) "Defendant is unable to show any realistic likelihood that it will be harmed by an order that . . . requires it to comply with its preexisting contractual obligations," and (3) "even if Defendant could show . . . it will be required to incur any additional costs Defendant will be more than capable of recouping any such additional costs during the course of arbitration."

Defendant, in turn, asserts Plaintiff should be required to post a bond in the amount of either $89,697.10 or $62,505.00 based on either the "anticipated costs and damages incurred by the defendant as a result of this action" or the costs of the rental engine to be installed in the aircraft at issue.

The Court notes it does not have before it the parties' original agreement setting forth the terms of their underlying

4 - ORDER

contract.  In addition, neither of the parties has provided the Court with an adequate explanation of the terms of the contract or the particular events that gave rise to this action.

Notwithstanding those ambiguities, the Court finds there is great public interest in the provision of Plaintiff's life-flight services while the parties litigate their disputes.  On the other hand, the record is insufficient for the Court to conclude that Defendant is unlikely to suffer any harm.  The Court is also unable to make any evaluation on this record as to whether Defendant will be able to recoup any additional costs in arbitration.

In the exercise of its discretion and on the extremely limited record before it, the Court, therefore, concludes a bond is warranted in light of the public interest in the provision of life-flight services and that $4,000.00 is a sufficient sum for that bond in balancing all competing interests established in this record.

Accordingly, the Court **ORDERS** Defendant to submit a bond of $4,000.00 to the Court **no later than January 18, 2017.**

IT IS SO ORDERED.

DATED this 13th day of January, 2017.

ANNA J. BROWN
United States District Judge

5 - ORDER