IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LIFE FLIGHT NETWORK, LLC,                           3:17-CV-00028-AC
an Oregon Limited Liability
Corporation,                                        AMENDED ORDER[1]

       Plaintiff,

v.

METRO AVIATION, INC.,
a Louisiana Corporation,

       Defendant.


**ROBERT D. NEWELL**
Davis Wright Tremaine, LLP
1300 S.W. Fifth Avenue
Suite 2400
Portland, OR 97201-5630
(503) 778-5234

       Attorneys for Plaintiff

**EDWARD P. FITCH**
Fitch Law Group PC
210 S.W. Fifth Street
Suite 2
Redmond, OR 97756
(541) 316-1588

       Attorneys for Defendant

---

[1] On January 13, 2017, the Court issued an Order (#13) on
Plaintiff's Motion for Temporary Restraining Order in which the
Court erroneously specified Defendant was to pay a $4,000 bond
when, in fact, the Court intended Plaintiff to pay the bond.  The
Court issues this Amended Order to correct that error and to
order Plaintiff to pay the bond to the Court.  In light of the
error, the Court provides Plaintiff with additional time to
submit the bond.  The Court regrets the error.

**BROWN, Judge.**

This matter is before the Court on the issue of the amount of any bond to be required in conjunction with the entry of a stipulated Injunction following a hearing on Plaintiff's Motion (#1)[2] for Temporary Restraining Order.

## BACKGROUND

On January 6, 2017, Plaintiff Life Flight Network, LLC, filed a Complaint in Multnomah County Circuit Court alleging a claim for breach of contract against Defendant Metro Aviation, Inc.  Plaintiff seeks an injunction "requiring Defendant to fulfill its obligations to operate and maintain the required Aircraft in accordance with the terms of . . . the Agreement." Compl. at 3.  On January 6, 2017, Plaintiff also filed a Motion for Temporary Restraining Order in which it seeks an order maintaining the parties' *status quo* while this action is pending.

On January 9, 2017, Defendant removed the matter to this Court on the ground of diversity jurisdiction.

On January 10, 2017, the Court heard oral argument on Plaintiff's Motion for Temporary Restraining Order.  At the hearing the parties reached an agreement for an injunction to maintain the *status quo* during the pendency of this action.  The parties, however, disputed whether and in what amount a bond

---

[2] Plaintiff filed its Motion for Temporary Restraining Order in state court.  Defendant attached the Motion to its Notice of Removal, and is in this Court's record as Docket No. 1.

should be required of Plaintiff.  The Court directed the parties
to file a stipulated form of Order that reflects the parties'
agreement to resolve Plaintiff's Motion for Temporary Restraining
Order.  The Court also directed the parties to submit a joint
statement reciting their positions and supporting authorities as
to the issue of a bond.

On January 10, 2017, the parties filed a stipulated form of
Injunction and submitted their joint statement to the Court via
email.

## STANDARD

Federal Rule of Civil Procedure 65(c) provides:

> No restraining order or preliminary injunction
> shall issue except upon the giving of security by
> the applicant, in such sum as the court deems
> proper, for the payment of such costs and damages
> as may be incurred or suffered by any party who is
> found to have been wrongfully enjoined or
> restrained.

Rule 65(c) "'invests the district court with discretion as
to the amount of security required, *if any.*'"  *Johnson v.
Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009)(quoting *Jorgensen
v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)(emphasis in
original)).  For example, a court may dispense with the
requirement that a plaintiff post a bond when a defendant shows
"no realistic likelihood of harm" as a result of the injunction.
*Jorgensen*, 320 F.3d at 919.  Similarly, a court may waive the
bond requirement when a case involves a matter of public

interest.  *Save our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1126
(9th Cir. 2005).

## DISCUSSION

Plaintiff asserts the Court should not require bond or, at
the least, require a bond no greater than $100 on the grounds
that (1) Plaintiff's requested injunctive relief will allow it
"to properly provide its emergency services, which . . . enhance
public safety and welfare," (2) "Defendant is unable to show any
realistic likelihood that it will be harmed by an order that . .
. requires it to comply with its preexisting contractual
obligations," and (3) "even if Defendant could show . . . it will
be required to incur any additional costs Defendant will be more
than capable of recouping any such additional costs during the
course of arbitration."

Defendant, in turn, asserts Plaintiff should be required to
post a bond in the amount of either $89,697.10 or $62,505.00
based on either the "anticipated costs and damages incurred by
the defendant as a result of this action" or the costs of the
rental engine to be installed in the aircraft at issue.

The Court notes it does not have before it the parties'
original agreement setting forth the terms of their underlying
contract.  In addition, neither of the parties has provided the
Court with an adequate explanation of the terms of the contract
or the particular events that gave rise to this action.

Notwithstanding those ambiguities, the Court finds there is great public interest in the provision of Plaintiff's life-flight services while the parties litigate their disputes.  On the other hand, the record is insufficient for the Court to conclude that Defendant is unlikely to suffer any harm.  The Court is also unable to make any evaluation on this record as to whether Defendant will be able to recoup any additional costs in arbitration.

In the exercise of its discretion and on the extremely limited record before it, the Court, therefore, concludes a bond is warranted in light of the public interest in the provision of life-flight services and that $4,000.00 is a sufficient sum for that bond in balancing all competing interests established in this record.

Accordingly, the Court **ORDERS** Plaintiff to submit a bond of $4,000.00 to the Court **no later than January 24, 2017.**

IT IS SO ORDERED.

DATED this 17th day of January, 2017.

_____
ANNA J. BROWN
United States District Judge