UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


LIFE FLIGHT NETWORK, LLC,            Case No. 3:17-cv-00028-AC
an Oregon Limited Liability Corporation

           Plaintiff,            OPINION AND
           ORDER
       v.

METRO AVIATION, INC.,
a Louisiana Corporation

           Defendant.
_____

ACOSTA, Magistrate Judge:


*Introduction*

Life Flight Network, LLC ("Life Flight"), brings this lawsuit against Metro Aviation, Inc. ("Metro"), alleging: 1) breach of contract; and 2) breach of the duty of good faith and fair dealing. Currently before the court is Metro's motion (ECF No.47) to strike Life Flight's request for attorney

fees contained in its amended complaint. Metro claims Life Flight's assertion that attorney fees should be awarded is immaterial under Rule 12(f). In the alternative, Metro asks the court to dismiss the claim for attorney fees under Rule 12(b)(6). Metro's motion to strike is granted.[1] Because Metro's motion to strike is granted, this court need not consider the alternative motion to dismiss.

*Background*

Life Flight is a provider of emergency medical transport services in the Pacific Northwest. (Am. Compl. (ECF No. 46) ¶ 1.) Metro is a corporation dealing in aircraft operation services. (*Id.* at ¶ 2.) On or about September 1, 2016, Life Flight became a successor in interest to, and assignee of, Inland Health Services with respect to the Aircraft Operating Agreement with Metro ("the Agreement"). (Am. Compl. ¶ 8.) Pursuant to the terms of the Agreement, Life Flight agreed to: 1) provide medical equipment, services, and personnel; 2) maintain the aircraft facilities; and 3) maintain 24-hour communication centers to coordinate flight missions with Metro. (Stanberry Decl. (ECF No. 51.) Ex. 1at 6.17) Metro agreed to: 1) provide service and maintenance of the aircraft by licensed and qualified pilots and mechanics; 2) keep the interior and exterior of the aircraft in clean condition; 3) adhere to federal and state law while maintaining and operating the aircraft; 4) adhere with manufacturer requirements and airworthiness directives; 5) maintain complete and accurate flight time records; and, 6) either restore aircraft components to fifty percent, or compensate Life Flight for the difference, at the expiration of the Agreement. (Am. Compl. ¶ 9.)

The Agreement contained an arbitration, found at Section 14.07, which provided:

> 14.07 Should a dispute arising out of or relate to this Agreement occur, the parties hereto shall in good faith attempt to settle the dispute informally. If the

---

[1] The parties have consented to jurisdiction by magistrate judge pursuant to 28 U.S.C. § 636(c)(1).

dispute cannot be so resolved, it shall be submitted to arbitration pursuant to the following procedure:

(a) Either of the parties may demand such arbitration by forwarding to the other party a written demand setting forth a statement of the matter in controversy and the name of the arbitrator appointed by the party demanding arbitration.

(b) Within 15 days after receipt of such demand, the other party shall name its arbitrator, and the two arbitrators so selected shall within 15 days of the appointment of the latter of them name a third arbitrator, who shall be a person having substantial experience in the field of emergency medical programs.

(c) The arbitration hearing shall be held at Spokane, Washington, and the law of the evidence of the state whose substantive laws are applicable to this Agreement shall govern the presentation of evidence therein. An award shall be made within 30 days after the close of submission of evidence. An award rendered by a majority of the arbitrators appointed pursuant hereto shall be final and binding on all parties to the proceeding, and judgment upon the award shall be entered in any court of law. Such award shall be reviewable only for errors of law.

(d) The prevailing party, as determined by the arbitrator(s), shall be entitled to recover the cost of such action so incurred, including without limitation reasonable attorney's fees and arbitrators' fees.

(e) Except to the extent inconsistent with the other provisions of this Section, the arbitration shall be conducted in accordance with the rules of the American Arbitration Association.

(Stanberry Decl. Ex. 1 § 14.07).

Additionally, Section 14.03 of the Agreement provides:

14.03 Except as expressly provided to the contrary in this Agreement, failure or delay on the part of either party to exercise any right, remedy, power or privilege hereunder shall not constitute a waiver thereof. A waiver, to be effective, must be in writing and must be signed by the party making the waiver. A written waiver of default shall not operate as a waiver of any other default or the same type of default on a future occasion.

(Stanberry Decl. Ex. 1 § 14.03).

A second amendment to the Agreement provided for the gradual transition of aircraft operation from Metro to Life Flight (the "Amendment"). (Am. Compl. ¶ 10.) Life Flight alleges Metro breached the Amendment, and its duty of good faith and fair dealing, during this transition period. (Am. Compl. ¶ 11.) Life Flight claims Metro failed to properly maintain the aircraft in an airworthy manner, provide routine maintenance and service on the aircraft, maintain proper flight records, and restore aircraft components. (Am. Compl. ¶ 21.)

Life Flight filed a lawsuit against Metro on January 6, 2017, in the Multnomah County Circuit Court of Oregon. (ECF. 53.) Metro removed the case to the District of Oregon on January 7, 2017. *Id.* After motions for injunctive relief, and change of venue, on February 14, 2017, the parties filed a stipulation (the "February Stipulation") to waive the arbitration clause of the Agreement. (Stipulation Regarding Venue, Non-Jury Trial and Application of Oregon Law ("Stipulation") (ECF No. 35.)) The February Stipulation specifically provides:

> The parties to this case have waived the arbitration clause in the substantive contract between them. Plaintiff and Defendant hereby stipulate to the following:
>
> 1. The above entitled matter shall be tried in the US District Court for Oregon, Portland Division. This shall include all claims including counterclaims either party may have or can assert against the other party.
>
> 2. The parties have agreed and hereby consent to the matter being heard by Judge Acosta.
>
> 3. The matter will be heard by the court without a jury. The parties hereby expressly waive a jury trial.
>
> 4. The law of the case shall be Oregon law.
>
> (Stipulation)

Life Flight filed an amended complaint on May 19, 2017, asserting its right to attorney fees

(the "Amended Complaint"). (Am. Compl. ¶ 27, 34.) The Amended Complaint reads "LFN is also entitled to its reasonable attorneys' fees and costs per the terms of the parties' Agreement." This allegation is found in Life Flight's claim for breach of contract, as well as its claim for breach of the duty of good faith and fair dealing. Metro filed a motion to strike, claiming attorney fees were waived in the February Stipulation. In the alternative, Metro moves to dismiss the claim of attorney fees. (ECF No. 47.)

*Legal Standards*

I. Federal Rule of Civil Procedure 12(f)

Under Rule 12(f), a court may, on its own or on a motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f) (2016). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds, Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534-535 (1994) (citing 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1382, at 706-07 (1990)).

The district court has discretion when deciding whether or not to strike a part of a pleading. *See Federal Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). Courts disfavor striking pleadings, and grant motions to strike infrequently. *Blincoe v. Western States Chiropractic College*, No. CV 06-998-PK, 2007 WL 2071916, at *1 (D. Or. July 14, 2007). However, a court will grant a motion to strike when it has the "effect of making the trial of the action less complicated" or results in "streamlining the ultimate resolution of the action," *State of Cal. ex rel. State Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981).

## II. Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), a claim should be dismissed if it "fails to state a claim under which relief can be granted." In order for a claim to survive a Rule 12(b)(6) motion to dismiss, a claim must be plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when it has "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A federal claimant is not required to detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. While the court must assume that all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusion set forth in the complaint. *Iqbal*, 556 U.S. at 678.

*Discussion*

## I. Motion to Strike under Rule 12(f)

Metro moves to strike Life Flight's claim for attorney fees under Rule 12(f) as immaterial. Metro argues Life Flight's claim for attorney fees was waived by the February Stipulation and has no bearing on the underlying subject matter. Life Flight contends the February Stipulation is ambiguous and it did not intend to waive attorney fees. Life Flight argues it has a legitimate claim to attorney fees and it should be allowed to pursue collection of those fees.

In *Ironwood Country Club v. Liberty Ins. Underwriters*, the court found when attorney fees are not requested as damages, they are appropriately addressed under a Rule 12(f) motion to strike. EDCV 13-00996-VAP (DTBx), 2013 WL 12139127, at *2 (C.D. Cal. Aug. 9, 2013). The *Ironwood*

court distinguished *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (finding damages in a complaint could not be removed through a Rule 12(f) motion to strike). *Id.* The *Ironwood* court stated that when a motion does not seek dismissal of a portion of the complaint or summary judgment on a claim, the proper avenue is a Rule 12(f) motion to strike. *Id.* at *1.

Here, the motion to strike attorney fees does not seek dismissal of a claim for damages or summary judgment on a claim. Therefore, Metro's motion to strike is appropriate.

*A. Waiver by Written Term*

Parties may modify a contract so long as there is mutual consent and adequate consideration. *Bennett v. Farmers Ins. Co. of Oregon*, 332 Or. 138, 148 (2001). This consent can be expressed in writing or through conduct. *Id.* The difference between a modification and a waiver is a waiver can be "accomplished unilaterally" and does not require "consideration." *Id.* at 156. Waiver is expressed as "the voluntary relinquishment of a known right." *Id.* (quoting *Alderman v. Davidson*, 326 Or. 508 (1998)). Metro argues Life Flight waived its right to attorney fees when it waived the arbitration clause because the arbitration clause was the only section of the Agreement that allowed for the award of attorney fees. Life Flight claims attorney fees were addressed in the Agreement and were never intended to be waived in the February Stipulation.

When interpreting a contract, the court looks to the text in context. *Yoman v. Parrott*, 325 Or. 358, 361 (1997). If the court finds the text is ambiguous, then it looks to the intent of the parties to determine the meaning of the contract provision. *Id.* at 363. If neither the text in context or the intent of the parties is clear, then the court will look at the construction of the contract to determine the proper meaning. *Id.* at 364. Metro argues the written terms of the February Stipulation are unambiguous; Life Flight claims the February Stipulation is ambiguous because it fails to mention

attorney fees, and the court should look at the intent of the parties.

Arbitration was the sole purpose of Section 14.07. It expressed both parties' intent to resolve disputes through arbitration. The February Stipulation substantively altered that agreement. Without question, the stipulation states the intent of both parties to submit to the judgment of this court, and sets out a course of action to be taken by both parties in litigating the alleged breach of contract. Instead of arbitration, the parties agreed to proceed in court. Instead of an arbitrator, the parties agreed to submit their dispute to a judge. Instead of applying Washington law, Oregon law would govern. Therefore, by addressing the arbitration and including additional provisions, the February Stipulation is a deliberate replacement of Section 14.07.

The February Stipulation does not mention awarding attorney fees. Life Flight's opposition to the motion to strike specifically states the parties never discussed modification of attorney fees before filing the February Stipulation. (Pl. Opp. to Defs.' Mot. to Strike (ECF No. 53) at 3, 7.) Discussion of attorney fees after the filing of the February Stipulation would have been an attempt to modify that stipulation, because Section 14.07 would no longer have applied to the dispute as the parties waived and replaced the arbitration clause.

The February Stipulation provides the parties "have waived the arbitration clause in the substantive contract," but fails to define what the "clause" is meant to entail. A clause is defined as "a distinct section or provision of a legal document or instrument." *Clause,* Black's Law Dictionary (10th ed. 2014). The word "clause" is synonymous with the words "section" and "provision." By waiving the arbitration clause, Life Flight waived the entire arbitration section. For these reasons, the attorney fees under Section 14.07 were waived by the February Stipulation.

Even if this court chose to use an alternate interpretation of "clause", the attorney fees would

still be waived. For example, "clause" is used once in Section 8.01 of the Agreement and again in Section 5 of the Assignment. In both, it makes reference to lettered sub-sections of Sections. The language of Section 14.07(d), of the Agreement provides "the prevailing party, as determined by the arbitrator(s), shall be entitled to recover the cost of such action so incurred, including without limitation reasonable attorney's fees and arbitrators' fees." As argued by Metro, the attorney fees are imbedded within the arbitration clause. Therefore, the February Stipulation replaces Section 14.07 because it expresses both parties' agreement to waive the arbitration clause.

The language in the February Stipulation is not ambiguous. The court need not analyze the intent of the parties or the construction of the contract.

In the alternative, Metro argues Life Flight's conduct, in bringing litigation before a good faith effort to resolve the dispute, waives the entire arbitration section. Because the language of the February Stipulation is clear, the court need not analyze Metro's alternative argument.

*B. Immaterial*

A matter is considered immaterial if it has "no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds, Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-535 (1994). In determining that attorney fees were waived through the February Stipulation, the subject becomes immaterial to the substance of the claims breach of contract and breach of the duty of good faith and fair dealing. Metro contends Life Flight waived the arbitration clause in its entirety and cannot claim attorney fees absent a statute or contract provision.

A court generally does not award attorney fees outside of a statute or contract provision. *Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp. 2d 1228, 1235 (D. Or. Oct. 1, 2013)

still be waived. For example, "clause" is used once in Section 8.01 of the Agreement and again in Section 5 of the Assignment. In both, it makes reference to lettered sub-sections of Sections. The language of Section 14.07(d), of the Agreement provides "the prevailing party, as determined by the arbitrator(s), shall be entitled to recover the cost of such action so incurred, including without limitation reasonable attorney's fees and arbitrators' fees." As argued by Metro, the attorney fees are imbedded within the arbitration clause. Therefore, the February Stipulation replaces Section 14.07 because it expresses both parties' agreement to waive the arbitration clause.

The language in the February Stipulation is not ambiguous. The court need not analyze the intent of the parties or the construction of the contract.

In the alternative, Metro argues Life Flight's conduct, in bringing litigation before a good faith effort to resolve the dispute, waives the entire arbitration section. Because the language of the February Stipulation is clear, the court need not analyze Metro's alternative argument.

*B. Immaterial*

A matter is considered immaterial if it has "no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds, Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-535 (1994). In determining that attorney fees were waived through the February Stipulation, the subject becomes immaterial to the substance of the claims breach of contract and breach of the duty of good faith and fair dealing. Metro contends Life Flight waived the arbitration clause in its entirety and cannot claim attorney fees absent a statute or contract provision.

A court generally does not award attorney fees outside of a statute or contract provision. *Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp. 2d 1228, 1235 (D. Or. Oct. 1, 2013)

(quoting *Swett v. Bradbury*, 67 P.3d 391(Or. 2003)).  While Oregon law gives the court discretion in awarding attorney fees absent a statute or contract provision, this discretion may only be applied when 1) the proceeding is one in equity; 2) the party requesting attorney fees is the prevailing party; and, 3) the party requesting attorney fees is attempting to vindicate an important constitutional right applying to all citizens without any gain peculiar to himself.  *Armatta v. Kitzhaber*, 327 Or. 250, 287 (1998) (internal quotations omitted).  These elements are not present in the current case.  Therefore, in light of the waiver of the arbitration clause in the February Stipulation, attorney fees are immaterial to Life Flight's claims.

II.  Rule 12(b)(6) Motion to Dismiss and Attorney Fees

Because the court grants Metro's motion to strike, the court need not consider the alternative motion to dismiss.

*Conclusion*

For the reasons state above, Metro's motion (ECF No. 47) to strike is GRANTED.

IT IS SO ORDERED.

DATED this 8th day of August, 2017.

                                                             s/ John V. Acosta
                                                         JOHN V. ACOSTA
                                        United States Magistrate Judge